IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

BARRY McCABE,                                      )
                                                   )
                    Plaintiff,                     )
                                                   )
          v.                                       )          Case No. ___1:18cv572___ (TSE/TCB)
                                                   )
FAIRFAX COUNTY ANIMAL SHELTER,                     )
4500 West Ox Road                                  )
Fairfax, Virginia  22030                           )
                                                   )
                    Defendant.                     )

## COMPLAINT

COMES NOW the plaintiff, Barry McCabe, by and through his undersigned counsel,

hereby brings this Complaint and Demand for Jury Trial against Defendant Fairfax County

Animal Shelter, for taking of property without due process, pursuant to 42 U.S.C. § 1983, for

gross negligence, and for public nuisance under state common law:

### Parties

1.      Plaintiff Barry McCabe ("Mr. McCabe") is an individual resident of the

Commonwealth of Virginia. Mr. McCabe resides at 9470 Canonbury Square, Fairfax, Virginia

22031.

2.      Defendant Fairfax County Animal Shelter ("FCAS") is a municipal animal shelter

operated by Fairfax County that seeks to adopt animals which have been left in their care.

### Jurisdiction and Venue

3.      This Court has jurisdiction over Mr. McCabe's federal claims pursuant to 28

U.S.C. §§ 1331 and 1343 as this is an action to redress the deprivation, under color of state law,

of rights secured by the Constitution and laws of the United States.

4.     This Court has supplemental jurisdiction over Mr. McCabe's claims, based on Virginia law, as they are related to claims within the Court's original jurisdiction in that they form part of the same case or controversy.

5.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1)-(2), because a substantial part of the events giving rise to these claims occurred in this District.

6.     Mr. McCabe noticed the Defendant pursuant to Virginia Code § 15.2-209 on December 19, 2016.

**Facts**

7.     On June 30, 2016, at about 9:30 a.m., Mr. McCabe and his companion animal, a two-and-a-half-year-old Cavalier King Charles Spaniel named Kaiser ("Kaiser"), were in an outdoor public space in the vicinity of the Providence District Supervisor's Office and Community Center, located at 3001 Vaden Drive, Fairfax, Virginia 22031, which is in the County of Fairfax, Virginia.

8.     At the same time, a Pit Bull Terrier, named Odin ("Odin"), charged at and attacked Mr. McCabe and Kaiser (the "Attack").

9.     Mr. McCabe had Kaiser on-leash at the time of the Attack.

10.     A neighbor in the vicinity observed the Attack.

11.     Odin killed Kaiser in the Attack.

12.     As a result of the Attack, Mr. McCabe suffered lacerations, bite wounds, and injuries to his hands, arms, shoulder, back, and spinal region.

13.     Mr. McCabe's recovery includes shoulder reconstruction surgery and rehabilitation, more than 200 chiropractic visits, and seven epidurals for his spinal injuries.

2

14.     FCAS states that they only euthanize animals for two reasons: "1) severe medical issues that cannot be treated, rehabilitated, or managed, or 2) if an animal is not safe to place in the community due to offensive aggression issues[1]."

15.     Odin was transferred to FCAS from another Virginia public animal shelter, Shenandoah Valley Animal Services Center ("SVASC") located in Augusta County, Virginia.

16.     SVASC adopted Odin to its first known owner ("Owner #1"). Odin violently attacked and killed a family cat several hours after the pit bull arrived home and Owner #1 returned Odin to SVASC the next day. SVASC then contacted FCAS about transferring Odin to FCAS. FCAS was aware of Odin's violent history and still accepted Odin into their custody.

17.     The next owner to adopt Odin, at that point from FCAS, ("Owner #2") reported that the pit bull constantly escaped his chain tethering, jumped over their property's six-foot fence, and returned home by local police.

18.     The next owner to adopt Odin from FCAS ("Owner #3") returned the pit bull to FCAS because she feared for her life. Owner #3 further demanded an "owner requested euthanasia" service, available at the owner's specific request "if their [the pet's] temperament, behavior in the shelter or behavior history, or medical condition makes them unable to be placed for adoption or sent to rescue."

19.     FCAS intentionally disregarded Owner #3's demand and destroyed paperwork completed by Owner #3 to prevent Odin's euthanasia.

20.     Odin also attacked another dog while in custody of FCAS.

21.     FCAS staff spent 12 minutes evaluating Odin's behavior upon original intake. Odin's second evaluation lasted 22 minutes following Owner #3's return. During both of these

---

[1] "Frequently Asked Questions | Animal Shelter" https://www.fairfaxcounty.gov/animalshelter/faq, accessed April 23, 2018

3

evaluations, FCAS staff explicitly noted Odin's tendency to attack smaller animals and Odin's aggressiveness.

22.    FCAS adopted Odin three separate times and the animal was known by multiple names to include "Maple" and "Tank."

23.    Odin's history of malicious behavior was known by FCAS each time FCAS accepted Odin into their care.

24.    Evidence of Odin's dangerous nature and continuing history of malicious behavior only increased with each adoption.

25.    FCAS deliberately withheld information related to Odin's aggression and biting from the public and from those who sought to adopt in order to encourage Odin's adoption, despite the multiple known reports of violence and killing.

26.    FCAS deliberately minimized information related to Odin's aggression and biting to encourage Odin's adoption by another individual despite reports of violence and killing.

27.    FCAS changed the information, including breed, name, and historical information, of Odin to disconnect Odin from his past behavior and to encourage his adoption.

28.    Multiple times, FCAS deliberately decided and acted against public safety.

29.    Despite the public safety concerns and backed by misleading documentation, breed misidentification, and a lack of candor, FCAS adopted Odin to his final owner, Mr. Brian P Avis-Bowing ("Mr. Avis-Bowing").

30.    At the time of adoption to Mr. Avis-Bowing, Odin had attacked one dog, killed one cat, and attacked one human. Mr. Avis-Bowing was unaware of Odin's violent history.

31.    At no point were disclosures relating to the dangerous nature of Odin made to any of the individuals who adopted Odin.

4

32. Mr. Avis-Bowing was the owner of Odin at the time of the Attack.

33. As a direct and proximate result of the aforesaid acts and omissions by FCAS, Mr. McCabe suffered monetary loss.

34. As a direct and proximate result of the aforesaid acts and omissions by FCAS, Mr. McCabe suffered severe and permanent physical injuries, which have caused him pain and mental anguish since the Attack and will continue to do so for the foreseeable future.

35. As a direct and proximate result of the aforesaid acts and omissions by FCAS, Mr. McCabe has been forced to undergo painful and reconstructive surgeries and other medical treatments, is permanently scarred, and requires perpetual pain management and physical therapy.

36. As a further direct and proximate result of the aforesaid acts and omissions, Mr. McCabe will continue to incur medical expenses into the indefinite future.

37. At the times of Odin's adoptions, FCAS had adoption policies and procedures which were grossly negligent and contrary to accepted standards of care provided to the public by municipal animal shelters.

38. FCAS changed their Standard Operating Procedure in December 2017, modifying many policies that created ultra-hazardous conditions for families who adopted dogs from the shelter which endangered the public.

39. At all times herein, FCAS, acted by and through its agents, employees, within their scope of employment with the County of Fairfax, Virginia.

40. Mr. McCabe was at the time of the Attack and still remains a citizen of Fairfax County, Virginia.

41. Mr. McCabe is entitled to protections and benefits, including being reasonably protected from actions, by the county government and its agents.

## COUNT I
### Right to Due Process of Law
### Under the Fifth and Fourteenth Amendments
### 42 U.S.C. § 1983

42. Mr. McCabe restates and incorporates by reference paragraphs 1 through 41 as if set forth fully herein.

43. At all relevant times and in all matters set forth herein, Fairfax County controlled and operated FCAS.

44. In engaging in the activities described herein, FCAS acted on behalf of the county as required by Virginia Code § 3.2-6546.

45. FCAS, its employees and agents, owed Mr. McCabe a duty under the due process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 11 of the Virginia Constitution to protect Mr. McCabe's personal property.

46. FCAS violated Mr. McCabe's Fifth and Fourteenth Amendment Rights when their actions caused an unjustified taking of Mr. McCabe's property, including his companion animal without notice, any attempt at preservation, or retribution in any manner.

47. Mr. McCabe suffered financial loss as a result of Constitutional violations. He also suffered severe pain, requiring costly medical attention, and continues to require costly medical attention.

48. Mr. McCabe has a right to freedom from unlawful taking by the government.

49. FCAS was and is aware that their practices would and did naturally lead to violations of McCabe's constitutional rights.

**WHEREFORE**, Mr. McCabe asks for judgment in his favor, and that the Court award:

6

A.    Compensatory damages in an amount of not less than $2,500,000;

B.    Punitive damages in an amount of not less than $1,000,000;

C.    Pre- and post-judgment interest until paid;

D.    his costs, including reasonable attorney fees; and

E.    Such other and further relief as the Court deems just and proper.

**COUNT II**
**Gross Negligence**

50.    Mr. McCabe restates and incorporates by reference paragraphs 1 through 41 as if set forth fully herein.

51.    The acts and/or omissions by FCAS constitute negligence which is so willful or wanton as to evince a conscious disregard of the rights of others, and, specifically, of Mr. McCabe.

52.    Such acts and/or omissions were recklessly indifferent to expected consequences, despite the fact FCAS was aware from knowledge of past and existing circumstances and conditions regarding Odin, that conduct and release of Odin would probably cause injury or death. In other words, FCAS knew the dangerous or probable consequences of their actions and made grossly reckless decisions, notwithstanding awareness, in Odin's re-adoption into the community.

53.    Mr. McCabe suffered financial loss as a result. He also suffered severe pain, requiring costly medical attention, and continues to require costly medical attention.

**WHEREFORE**, Mr. McCabe asks for judgment in his favor, and that the Court award:

A.    Compensatory damages in an amount of not less than $2,500,000;

B.    Punitive damages in an amount of not less than $1,000,000;

C.    Pre- and post-judgment interest until paid;

7

D.   his costs, including reasonable attorney fees; and

E.   Such other and further relief as the Court deems just and proper.

## COUNT III
### Public Nuisance

54.   Mr. McCabe restates and incorporates by reference paragraphs 1 through 41 as if set forth fully herein.

55.   Mr. McCabe was in public space within the County of Fairfax when the Attack occurred.

56.   The actions and omissions by FCAS, namely the release and continued adoption of lethally dangerous dogs, including Odin, created a condition which is dangerous to the public.

57.   The actions and omissions by FCAS created substantial and unreasonable harm to Mr. McCabe's use and enjoyment of public space.

58.   Mr. McCabe suffered financial loss as a result. He also suffered severe pain, requiring costly medical attention, and continues to require costly medical attention.

**WHEREFORE**, Mr. McCabe asks for judgment in his favor, and that the Court award:

A.   Compensatory damages in an amount of not less than $2,500,000;

B.   Punitive damages in an amount of not less than $1,000,000;

C.   Pre- and post-judgment interest until paid;

D.   his costs, including reasonable attorney fees; and

E.   Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. McCabe demands a trial by jury for all claims.

8

Respectfully Submitted,

BARRY McCABE

**LEFFLERPHILLIPS**
A Professional Limited Liability Company
Suite 200
10505 Judicial Drive
Fairfax, Virginia 22030
(703) 293-9300
Facsimile (703) 293-9301


By: _____ /s/ _____
　　Jonathan L. Phillips (VSB No. 77188)
　　jphillips@lefflerphillips.com
　　*Counsel for Plaintiff*

9